**NOT FOR PUBLICATION**         [Docket Entry Nos. 34, 35, 36, 37, 44,
                                 45, 46 and 47]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MATTHEW ELIJAH BELL, | |
| Plaintiff, | |
| v. | Civil No. 07-1589 (RMB) |
| EGG HARBOR TOWNSHIP, et al., | **OPINION** |
| Defendants. | |

This matter comes before the Court upon several motions: motion for summary judgment filed by Defendants Egg Harbor Township Municipal Court, H. Robert Switzer, Administrative Law Judge, Officer Michael Bordonaro (improperly pled as "Bordoanro"), Detective Heather Stumpf, and Office Robert Moran [Docket Entry No. 44], and five motions for judgment on the pleadings filed by Plaintiff Matthew Elijah Bell, and [Docket Entry Nos. 34, 35, 36, 46 and 47]. Motions for sanctions are also pending [Docket Entry Nos. 37, 45, and 47]. For the reasons set forth herein, the motions are granted, in part, and denied, in part.

On November 29, 2007, the Honorable Joel Schneider, United States Magistrate Judge, entered an Order permitting the filing

1

of Plaintiff's original Complaint [Docket Entry No. 1] and the proposed amendments to the Complaint contained in his motions [Docket Entry Nos. 18 and 2] to be deemed the First Amended Complaint.  It is this First Amended Complaint that the Defendants seek to have dismissed.[1]  Defendants bring this summary judgment motion pursuant to Federal Rule of Civil Procedure 56(c).

Plaintiff, Matthew Bell, appearing pro se, alleges various federal violations arising out of an incident that occurred on March 11, 2006, at King Pin Lanes, in Egg Harbor Township.  Plaintiff alleges that he was told by an unidentified person that the police came to his residence at 905 Keener Avenue, Atlantic City, New Jersey, looking for him.  As a result, Bell went to the Egg Harbor Township Police Station to inquire what the officers wanted.  See Complt. at 2.  Plaintiff alleges that after arriving at the station, he was arrested against his will and without probable cause.  Plaintiff alleges that he was strip searched, photographed, fingerprinted and placed in a holding cell, all against his will.  Plaintiff alleges that Officers Bordonaro and Moran and Detective Stumpf all conspired in an investigation that ultimately led to his illegal arrest and imprisonment.  He

---

[1] Earlier, Plaintiff filed an Amended Complaint [Docket Entry No. 11].  Because Plaintiff failed to seek leave of Court as required under Federal Rule of Civil Procedure 15(a), this Amended complaint was not properly filed.

2

alleges violations under 42 U.S.C. §§ 1983 and 1986.

In connection with their summary judgment motion, the Defendants submit documents indicating that Officer Michael Bordonaro responded to a fight at King Pin Lanes in Egg Harbor Township on March 11, 2006.  Officer Robert Moran had also responded to the call to King Pin Lanes.  An individual had been hit on the side of the head with a bottle and was receiving medical attention.  Officer Bordonaro spoke to the Plaintiff after he was informed by another patron, Natasha Schwarz, that Bell was involved.  The Plaintiff advised that he had been playing pool, but he did not know how the fight started or who the accused was.  Officer Bordonaro then went to Atlantic City Medical Center to speak to the individual who had been hurt.

On March 15, 2006, the investigation of the incident at King Pin Lanes was turned over to Detective Heather Stumpf of the Egg Harbor Township Police Department.  During the investigation, Detective Stumpf interviewed Natasha Schwarz who told the Detective that she had identified the Plaintiff to Officer Moran on March 11, 2006.  She also told the Detective that on that day when Officer Moran was investigating, Plaintiff Bell attempted to get around Officer Moran, so she, Schwarz, followed him.  When Plaintiff went to retrieve his identification from the bouncers, Schwarz grabbed Bell's identification and said, "no, you're not going anywhere" and gave the identification information of Bell

to Officer Moran.  Schwarz informed Detective Stumpf that Bell later approached Schwarz and stated, "you'll pay for that later."  She believed Bell said this to her because she brought his, Bell's, identity to the police's attention.  As a result of that statement made by Bell to Schwarz, Detective Stumpf issued a warrant against Plaintiff charging him with a violation of N.J.S.A. 2C:28-5A, tampering with witnesses.

The Defendants now move for summary judgment pursuant to Fed. R. Of Civ. P. 56(c).

**Applicable Standard:**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty

---

[2] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

Lobby, Inc., 477 U.S. 242, 255 (1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[3] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

    Judge Switzer argues that the Complaint against him should be dismissed on the basis of the absolute immunity afforded judges when performing their judicial functions. See Briscoe v. LaHue, 460 U.S. 325, 334 (1983). The doctrine of absolute judicial immunity is based upon the need to permit judges to render decisions with independence and without fear of consequences. Pierson v Ray, 386 U.S. 547, 554 (1967). It is well established that judges are immune from civil rights suits based on actions performed in their judicial capacities. Briscoe, 460 U.S. at 334; see also, Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 734-35 (1980); Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Immunity extends even where a judge acts erroneously, corruptly, or in excess of her jurisdiction. Mireles, 502 U.S. at 11-12. In such

---

[3] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

circumstances, recourse can be obtained through appeal but "unsatisfied litigants may not hound [a judge] with litigation charging malice or corruption." Shuster v. Oppelman, 963 F. Supp. 394, 396 (S.D.N.Y. 1997) (quoting Pierson, 384 U.S. at 554).

In Mireles, the Supreme Court held that a judge is absolutely immune from suit unless the actions complained of "were not taken in the judge's judicial capacity" or the suit arises from actions taken by the judge "in the complete absence of all jurisdiction." 502 U.S. at 11; see also Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000).  An act is a judicial act when "it is a function normally performed by a judge" and when it is an act that arises out of the parties' dealings with the judge in her judicial capacity.  Figueroa, 208 F.3d at 443.

Plaintiff does not allege any conduct against Judge Switzer that may be construed as acting outside the scope of his normal judicial functions.  Indeed, Plaintiff's Complaint, no matter how liberally construed, cannot support an allegation that the conduct of which Plaintiff complains was outside Judges Broome's judicial capacity.  Indeed, despite naming Judge Switzer in the caption, there are no allegations in the Complaint against him whatsoever.  Plaintiff's Complaint against Judge Switzer will be dismissed.

Defendant Egg Harbor Township

The Complaint against Egg harbor Township must likewise be dismissed. Local government units generally are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8 (1985). Municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).

Here, Plaintiff makes no Monell allegations. Liberally construing Plaintiff's Complaint, Plaintiff alleges claims of unlawful arrest and false imprisonment. There is no allegation that the Defendant, Egg Harbor Township, was the motivating force behind the alleged injury either through policy or custom. Therefore, any § 1983 claims against Egg Harbor Township is denied without prejudice.[4]

Defendants Bordonaro, Moran and Stumpf

With respect to the remaining Defendants, Officers Bordonaro and Moran, and Detective Stumpf, their motion for summary judgment will be denied. As set forth in the parties'

---

[4] If Plaintiff can cure the foregoing deficiencies, he may file a motion to amend the Complaint.

submissions, material factual issues are in dispute and discovery in this case has not concluded. Plaintiff's motions for judgment on the pleadings and/or summary judgment will be denied for the same reasons.

<u>Motion For Sanctions</u>

Finally, Plaintiff seeks the imposition of sanctions for Defendants' failure to respond to interrogatories. Because the parties have represented that the Defendants have, in fact, submitted their answers, albeit approximately one month late, this Court will deny the motions for sanctions. Plaintiff has admitted that he has received the discovery, and he has not set forth any prejudice he has suffered as a result of the slight delay.

An accompanying Order will issue.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>April 14, 2008</u>