Case 1:07-cv-01589-RMB-JS   Document 61   Filed 07/31/08   Page 1 of 5 PageID: 1149

**NOT FOR PUBLICATION**                              [Docket Entry No. 57]

```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
                   CAMDEN VICINAGE
```

|  |  |
|---|---|
| MATTHEW ELIJAH BELL,<br><br>        Plaintiff,<br><br>  v.<br><br>EGG HARBOR TOWNSHIP, et al.,<br><br>        Defendants. | Civil No. 07-1589 (RMB)<br><br>**OPINION** |

Appearances:

Matthew Elijah Bell
1829 Marmora Avenue
Atlantic City, New Jersey 08401
    Pro Se Plaintiff

Thomas B. Reynolds, Esquire
Reynolds, Drake, Wright & Marczyk
29 North Shore Road
Abesecon, New Jersey 08201
    Attorney for Defendants

**Bumb,** United States District Judge:

    This matter comes before the Court upon the motion for summary judgment filed by Defendants', Egg Harbor Township Police Officers Michael Bordonaro (improperly pled as "Bordoanro") and Robert Moran, and Egg Harbor Township Police Detective Heather Stumpf (collectively the "Moving Defendants") [Docket No. 57]. Plaintiff, Matthew Elijah Bell, has not opposed the motion. For

1

the reasons set forth herein, the Court will grant the motion.

The facts of this case have been set forth in an earlier Opinion by this Court. [Docket No. 47]  In its earlier Opinion, the Court granted summary judgment as to all defendants except for the Moving Defendants because discovery had not yet been completed.  Discovery has now been completed, and the Moving Defendants have again filed a motion for summary judgment.

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56c.  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

be resolved in favor of either party."[2] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

In his § 1983 civil rights Complaint, Plaintiff Bell alleges that the Defendants unlawfully arrested him and falsely imprisoned him in violation of his constitutional rights. (Although Plaintiff asserts violations of "warrantless arrest" and "kidnapping", the Court construes his claims as claims of false arrest and false imprisonment.) The record before this Court, which has not been disputed by the Plaintiff, however, reveals no constitutional violations.

An arrest is unlawful and, thus, actionable if it is effectuated without probable cause. Patzig v. O'Neil, 577 F.2d 841, 848 (3d Cir. 1978). Probable cause exists when the facts are such that a reasonably prudent person would believe that a crime had been committed. Gerstein v. Pugh, 420 U.S. 103, 111 (1975). "When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would 'warrant a man of reasonable caution in the belief' that an

---

[2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

offense has been committed.") Beck v. State of Ohio, 379 U.S. 89, 98 (1964)(quoting Carroll v. United States, 267 U.S. 132, 162 (1925)).

Here, Plaintiff was arrested and charged with a violation of N.J.S.A. 2C:28-5A, Tampering With Witnesses. The Court must thus determine whether the facts available to the defendant officers at the time of the arrest would warrant a reasonably prudent person to believe that Plaintiff had committed this violation.

Here, Defendant Stumpf had interviewed several people who determined that Plaintiff Bell was playing pool with the subject accused of the assault with Mr. Harbridge. Defendant Stumpf had also interviewed Natasha Schwarz, who told Stumpf that Plaintiff had threatened her by saying "You'll pay for that later." Ms. Schwarz believed Plaintiff told her this because she had brought Plaintiff's identity to the police as someone who was involved in the incident or had knowledge of the incident. Moreover, the record demonstrates that Plaintiff knew that the police were investigating the Harbridge assault. Plaintiff has offered no evidence whatsoever to dispute these facts. Based on this record, the Court finds that there was probable cause to arrest and charge Plaintiff with a violation of 2C:28-5A. As for the remaining defendants, Defendants Moran and Bordonaro, the record demonstrates that they obtained the Plaintiff's identity at the scene after the incident and set forth the facts found in their

4

investigation report.  These two officers withdrew from the case and passed it onto Defendant Stumpf who did a more thorough investigation.  That was the extent of their involvement.  Again, Plaintiff offers no evidence to dispute this.  In short, this Court finds no evidence of a constitutional violation on the part of any of the Moving Defendants.  Accordingly, summary judgment will be granted.[3]

                                                    s/Renée Marie Bumb
                                                    RENÉE MARIE BUMB
                                                    United States District Judge

Date: July 31, 2008

---

[3] Because the allegations of conspiracy arise from the within alleged violation, the Defendants' motion as to the conspiracy count will also be granted.  There is no evidence whatsoever in the record to support Plaintiff's contention that the Moving Defendants conspired to single him out and bring him up on false charges.