[Docket Nos. 63, 64, 65, 66, 67, 68, 69, 70, 72, 74]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MATTHEW ELIJAH BELL, : | Civil Action No. 07-1589(RMB) |
| Plaintiff, : | |
| v. : | **MEMORANDUM OPINION & ORDER** |
| EGG HARBOR TOWNSHIP, : et al., | |
| Defendants. : | |

This matter comes before the Court upon a motion by pro se Plaintiff Bell pursuant to Federal Rules of Civil Procedure 59(e) and 60. [Docket No. 74]. On July 31, 2008, this Court granted summary judgment in favor of the remaining Defendants in the above captioned matter. In its Opinion [Docket No. 61], this Court noted that Plaintiff had not opposed the pending motion. Plaintiff, however, had submitted opposition to that motion and several of his own motions directly to Chambers and not with the Clerk's office for proper filing. Construing Plaintiff's submission liberally, this Court finds that Plaintiff has moved pursuant to Fed. R. Civ. P. 60(a) based on this Court's oversight and omissions of his submitted opposition and separate motions. This Court will grant Plaintiff's request to the extent that it will review Plaintiff's submissions, including the pending

1

motions, and determine whether it should reconsider its summary judgment decision.

This Court will first turn to Plaintiff's documents filed in opposition to the motion for summary judgment [Docket Nos. 63 & 69] already decided by this Court. [Docket No. 57]. Instead of addressing whether or not Defendants Bordonaro, Stumpf and Moran had probable cause to arrest him, Plaintiff's opposition provides this Court with statements such as "[Egg Harbor] cannot lawfully subject and impose their COLORABLE Policy or Customs on said Plaintiff." [Doc. No. 69 at 3]. Moreover, any statements addressing the issue of probable cause do not set forth concrete facts - instead they consist of blanket averments that "Defendants had no Dejure affidavit of Probable Cause or sufficient facts at any time . . . to substantiate an arrest. . . ." [Doc. No. 69 at 4]. It is clear that "the party opposing summary judgment may not rest upon the mere allegations or denials of the pleading; its response, by affidavits or as otherwise provided in this title, must set forth specific facts showing that there is a genuine issue for trial." Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). Because Plaintiff has provided nothing other than mere allegations or denials, the entry of summary judgment was appropriate and that decision will not be disturbed.

Plaintiff has submitted two motions seeking to amend his

Complaint. [Docket Nos. 65 & 67].[1]  In one motion, Plaintiff seeks to add three new Defendants, Natasha Scwartz, Nancy Scaricamazza, and an "Arresting Officer 0108 1583" but fails to make specific allegations or state what specific relief he seeks against these proposed Defendants. [Docket No. 67].  In his other motion to amend [Docket No. 65], it appears that Plaintiff reiterates his allegations of false arrest and imprisonment and includes allegations that Natasha Schwarz, along with Officers Moran and Bardonaro and Detective Stumpf "participated in the 'Colorable Discovery' that led to Plaintiff's false arrest and imprisonment . . . ."  Plaintiff further alleges that "arresting employee a.k.a. 01081583 of EHT INCORPORATED was executing an administrative custom on Plaintiff based on an allege warrant authorized by Nancy Scaricamazza . . . ."

As an initial matter, "the settled rule is that properly requesting leave to amend a complaint requires submitting a draft amended complaint," and Plaintiff has not done so here. <u>Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc.</u>, 482 F.3d 247, 252 (3d Cir. 2007).  Pursuant to Rule 15(a) leave to amend should be freely given absent concern of: 1) undue delay; 2) bad faith or dilatory motive; 3) continued failure to cure

---

[1] Docket No. 64, improperly docketed as a Motion pursuant to Rule 17(a), merely notifies this Court of his "corrected title."  This notice requires no action on the part of this Court.

deficiencies by prior amendments; 4) undue prejudice to the opposition; or 5) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

In determining whether a proposed amendment would be futile, the Court must apply the legal standard applicable to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Kounelis v. Sherrer, 396 F. Supp. 2d 525, 529 (D.N.J. 2005); Grillo v. BA Mortgage, LLC, 2004 U.S. Dist. LEXIS 20347 at *9 (E.D. Pa. Oct. 4, 2004). For purposes of analyzing the proposed Amended Complaint pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in each Complaint as true and construe the Complaint in the light most favorable to the Plaintiff. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).

The proposed Complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Court need not, however, credit bald assertions or legal conclusions. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Thus, an amendment is considered futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Merck & Co., Inc., Sec. Derivative & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434).

4

Plaintiff's proposed amendments are futile as they fail to state a claim upon which relief may be granted. Any attempt assert claims for liability against Natasha Schwarz for false arrest or imprisonment in violation of the Fourth Amendment necessarily fail. In order to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Because Plaintiff has not alleged that Natasha Schwarz was acting under color of state law, any purported claims against her pursuant to § 1983 are inherently futile.

Plaintiff's proposed charges against Nancy Scaricamazza and "arresting employee 0108 1583" are also futile. Plaintiff asserts that there is no jurisdiction over him and therefore, the warrant was deficient and the arrest without probable cause. Other than his factually unsupported and conclusory claims that "defendants and Proposed added Defendants were in absence of all jurisdiction," Plaintiff has set forth no relevant allegations regarding why the warrant was defective. Moreover, Plaintiff has set forth no allegations as to why the "arresting officer" should not have believed the warrant was valid. As such, Plaintiff's proposed amendments are futile and his motions to amend will be

5

denied.

Because this Court has denied the motions to amend and the motions for summary judgment by the Defendants in this matter have been granted, Plaintiff's remaining motions for summary judgment and those related to discovery [Docket Nos. 66, 68, 70, 71 & 72] will be denied as moot.

IT IS HEREBY **ORDERED** that Plaintiff's request made pursuant to Rule 60(a) is **GRANTED** to the extent that this Court has reviewed his opposition and submitted motions; and

IT IS FURTHER **ORDERED** that Plaintiff's motions for leave to amend [Docket Nos. 65 & 67] are **DENIED;** and

IT IS FURTHER **ORDERED** that Plaintiff's motions related to discovery and for summary judgment [Docket Nos. 63, 66, 68, 69, 70 & 72] are **DENIED as moot**; and

IT IS FURTHER **ORDERED** that Docket No. 64 was improperly docketed as a motion.

Dated: August 12, 2008                    s/Renée Marie Bumb
                                                            RENÉE MARIE BUMB
                                                            UNITED STATES DISTRICT JUDGE